PITTSBURGH HOTELS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10672. Promulgated February 25, 1929.

*A. E. James, Esq.*, and *S. Leo Ruslander, Esq.*, for the petitioner.
*J. D. Foley, Esq.*, for the respondent.

588

OPINION.

LITTLETON: This proceeding was submitted upon the record made in the Court of Claims of the United States in the case of *Pittsburgh Hotels Co.* v. *United States*, 63 Ct. Cls. 475, involving the year 1919. Petitioner's evidence consists of the testimony of eight witnesses; two were connected with hotels in New York City, one was employed by a hotel in Washington, D. C., having formerly worked for a hotel in Pittsburgh, Pa., three were interested in or employed by hotels in Pittsburgh, Pa., and two who were not engaged in the hotel business but who were certified public accountants. Some of these witnesses were familiar with the William Penn Hotel Building in Pittsburgh. Each witness gave as his opinion that the allowance for exhaustion, wear and tear, and obsolescence of the William Penn Hotel Building for the taxable year should be computed at a rate of not less than 3½ per cent per annum. These opinions are not conclusive upon the Board. *The Conqueror*, 166 U. S. 110; *W. S. Bogle & Co.* v. *Commissioner of Internal Revenue*, 5 B. T. A. 541; 26 Fed. (2d) 77; *Woodside Cotton Mills Co.*, 13 B. T. A. 266.

The Commissioner introduced two witnesses who testified in his behalf before the Court of Claims and in substance stated the allowance customarily made by the Commissioner for depreciation of buildings of the character and construction of the William Penn Hotel Building is 2 per cent per annum. The testimony of these witnesses adds no weight to the *prima facie* correctness of the Commissioner's determination.

After due consideration of the evidence submitted, the Board is of the opinion that 2 per cent per annum computed upon the agreed construction cost of the petitioner's hotel building is a reasonable allowance for the exhaustion, wear and tear, including obsolescence thereof, during the taxable years 1920 and 1921.

*Judgment will be entered for the respondent.*